871 F.2d 1096
 37 Cont.Cas.Fed. (CCH) 76,048
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
PUYALLUP TRIBE OF INDIANS, Appellant,
v.
The UNITED STATES, Appellee.
 No. 88-1492.
 United States Court of Appeals, Federal Circuit.
 March 1, 1989.
Rehearing Denied March 27, 1989.
 
 Before BISSELL, Circuit Judge, NICHOLS, Senior Circuit Judge, and ARCHER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Armed Services Board of Contract Appeals (Board), ASBCA No. 29802, 88-2 BCA p 20,640 (1988), holding that the Puyallup Tribe of Indians, as contracting party, is liable for $572,922 in unallowable costs under a cost reimbursement contract for operation of an Indian community health care clinic, is affirmed.
 
 OPINION
 
 2
 The Puyallup Tribe contends that it is not liable for the unallowable costs because a novation to the contract occurred when the Puyallup Nation Health Authority was established. The agreement of all the parties is essential for a novation. See, e.g., Livernois v. Warner-Lambert Co., 723 F.2d 1148, 1153 (4th Cir.1983). This threshold requirement was not satisfied. Indeed, substantial evidence supports the Board's finding that the government consistently maintained the contract was with the Tribe and not the Health Authority.
 
 
 3
 In the alternative, the Tribe contends that it is not bound by the various contract modifications extending the performance period because the modifications were not authorized by the Tribe. The Puyallup Tribe operates as a governmental entity, see United States v. State, 384 F.Supp. 312, 370 (W.D.Wash.1974), aff'd 520 F.2d 676 (9th Cir.1975), cert. denied, 423 U.S. 1086 (1976), and is liable only for the authorized acts of its agents. See Heckler v. Community Health Servs., 467 U.S. 51, 63-66 (1984). Although we do not adopt the reasoning of the Board, the Health Authority's charter, on the whole, supports the conclusion that the contract modifications were signed under the authority of the Tribe. See The Puyallup National Health Authority Charter and Plan of Operation, Section V, paras. A.7, B; Section VI, paras. A.2, A.5 and B.5.
 
 
 4
 The Puyallup Tribe advances several other arguments as reasons for extinguishing its liability for some or all of the unallowable costs. None are persuasive.